## WAGGAMAN v. GEORGE E. KEITH CO.

### EQUITY; INJUNCTION

A court of equity will not restrain the prosecution of actions at law at the instance of the defendants therein, where the controversy between the parties is over the terms of an oral agreement,—the defendants contending that they were to be discharged from liability to their creditors, the plaintiffs, in consideration of the surrender of their stock of merchandise, while the plaintiffs contend that they were to take the goods, sell them for the best price obtainable, and hold the defend-

ants for the balance, if any; such rival contentions, in the absence of fraud, set-off, multiplicity of suits, accounting, etc., being fully cognizable at law. (Distinguishing *Fedarwisch* v. *Alsop*, 18 App. D. C. 318.)

No. 1346.   Submitted December 9, 1903.   Decided January 19, 1904.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia, dismissing a bill in equity to enjoin the prosecution of suits before a justice of the peace. *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellants, Waggaman and Coldenstroth, are residents of the District of Columbia, and formerly were engaged as partners in the retail shoe business in this city. The appellees, George E. Keith Company, which is a corporation under the laws of the State of Massachusetts, and Lewis A. Crossett, both of them manufacturers of shoes, or wholesale dealers in them, are residents of the State of Massachusetts. On April 20, 1900, the appellants resolved to go out of business. At that time they were indebted to the Keith Company for shoes in the sum of $541.80, and to Crossett also for shoes in the sum of $331.50; and they had in their place of business in this city a stock of shoes purchased from these two appellees and one Heywood of the cost value, it is said, of $810.60, and stated to be of the value of $945 at retail. All their debts seem to have been paid, except their liabilities to the two appellees and to their landlord for rent, the amount of which does not appear in the record.

On the day specified, one George H. Leach, an agent for the Keith Company, had an interview with the appellants at their place of business in this city in reference to a settlement of their accounts with the Keith Company, and some agreement would seem to have been reached about the matter. The agreement was oral, and the terms of it are now in controversy between the parties. The appellants claim that it was to the effect that the appellee, the Keith Company, would take the stock of

goods in full settlement of its own claim and that of Crossett, which latter it is claimed it undertook to pay; and that, if the Keith Company made a profit from the transaction, it should be entitled to retain it; but that, if it should sustain a loss, it should bear that loss as its own. On the other hand, the Keith Company claims that the agreement was that it would take back so much of the stock of shoes as it had itself sold to the appellants, obtain for it the best price that it could, and credit the proceeds of sale on account of the indebtedness of the appellants to the company; that, while arrangements were being made for the transportation of the shoes to Massachusetts in accordance with the agreement, one Betz, an agent for another retail dealer in Washington, appeared upon the scene and offered to take the stock at seventy (70) per cent of the invoice price; that the agent of the Keith Company accepted the proposal in the presence of one of the appellants; that at the same time it was agreed between Waggaman, Betz, and Leach, that Betz would take for his principal the residue of the stock, consisting of the goods which had been supplied to the appellants by the manufacturers, Crossett and Heywood, at the same figure, 70 per cent of the invoice price, provided Crossett consented; that this arrangement was consummated, and Betz took the whole stock for his principal.

The Keith Company received from the purchaser, as it claims, $505.13 on its own account, leaving a balance due to it, or a loss on the transaction, as the case may be, of $36.67; and seems to have received the sum of $83.16 on account of Crossett, which it turned over to him, and which left unpaid of the claim of the latter the sum of $248.80. There is apparently some discrepancy in the record in regard to these figures; but it is of no consequence in the determination of the questions raised by the appeal.

Demand seems to have been subsequently made by the Keith Company upon Waggaman, or upon Waggaman and Coldenstroth, for the payment of their balance of $36.67; and Waggaman, in a letter to the Keith Company under date of June 5, 1900, apparently without the knowledge and consent of his

former partner, promised to pay it, as soon as they could get through the matter of the settlement of their rent with their landlord.   This settlement with the landlord seems to have been effected; but the claim of the Keith Company was not paid, nor was that of Crossett.   Suit was then instituted before a justice of the peace by the Keith Company against the appellants as defendants on November 19, 1900, for the sum of $36.67; and another similar suit was instituted before the same justice by Crossett against the appellants on the same day for the sum of $248.84.

These suits appear to have been permitted to lag in the court of the justice.   In the course of them the depositions of Crossett, Crossett's manager, one Thayer, and Leach, the agent of the Keith Company, were taken for use in the trial.   On October 30, 1901, while the suits were pending, the present proceedings were instituted by the filing of a bill in equity by the appellants as complainants for an injunction against the prosecution of the suits before a justice of the peace, and for an adjustment by the court of equity of the matters in dispute.   The bill of complaint of the appellants and the answers thereto of the appellees set forth their respective versions of the transaction, as hereinbefore stated.   The answer of Crossett denies that he gave authority to any person to settle for him for any amount less than the full amount of his claim.

By agreement between the counsel of the parties, the case was heard in the court below upon the bill and answers and accompanying affidavits and the depositions taken for use before the justice of the peace; and upon the hearing the bill of complaint was dismissed without prejudice to the right of the complainants to present their contentions in the actions at law pending before the justice of the peace, or that might thereafter be brought by the appellees against them.

From the decree of dismissal the complainants have appealed to this court.

*Mr. Thomas M. Fields* for the appellant.

*Messrs. Ralston & Siddons* and *Mr. Eugene A. Jones* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

We find no ground whatever for the intervention of a court of equity in this case. The controversy is over the terms of an oral agreement between the parties. The contention of the appellants is that they were to be discharged from further liability in consideration of their surrender of their stock of goods. The contention of the appellees is that they were to take the goods, sell them for the best price they could obtain, and hold the appellants for the balance, if any balance there should be. These rival contentions are fully cognizable in the suits before the justice of the peace now pending. There is no case of fraud, or set-off, or multiplicity of suits, or accounting, or any other ground of equity jurisdiction. Nor is the case of *Fedarwisch* v. *Alsop,* 18 App. D. C. 318, cited on behalf of the appellants, at all applicable to the conditions of this case.

The appeal is wholly without merit; and the decree appealed from will therefore be affirmed, with costs. And it is so ordered.

*Affirmed.*